State v. Bentley.

---

## THE STATE v. H. W. BENTLEY.

CRIMINAL LAW. *Dangerous weapons.   Indictment.*   Under the Code, sec..
4753, which forbids the carrying privately of certain dangerous weap-
ons to the fear or terror of any person, a party may be indicted, and
the indictment is good if it charge the defendant with carrying the
weapon, a large knife, "to the fear and terror of certain persons,"
without naming them.

### FROM LAWRENCE.

Appeal in error from the Circuit Court of Law-
rence county.    W. S. McLEMORE, J.

—— —— for Bentley.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

On motion of the defendant, the circuit judge struck out the third count of the presentment in this case, and the State appealed.

The count charged that the defendant "unlawfully did privately carry a certain large knife, to the fear and terror of certain persons then and there being, which said knife was then and there a dangerous weapon." The Code, sec. 4753, is: "No person shall publicly ride or go armed to the terror of the people; or privately carry any dirk, large knife, pistol or any dangerous weapon, to the fear or terror of any person." The grounds of the motion to strike out were: 1. That the count does not charge any offense known to the law. 2. That the act which prohibits the privately carrying a dangerous weapon provides a penalty, which excludes any other form of punishment. 3. That no person is named who is put in terror. The charge is in the language of the statute, and this court has held that a person guilty of the offense may be proceeded against by indictment as for a misdemeanor at common law: *Spence* v. *State,* Jackson, 1870, cited 2d ed. King's Dig., p. 675. The trial judge, it seems, based his action on the third ground of the motion, that no person is named in the count as having been put in fear. But the object of the whole section was to prevent the practices mentioned, when-

ever it occasioned fear, whether in one or many. The offense is committed, whether the carrying of the dangerous weapon be to the terror of several persons or of one person. And in the former case, the form adopted in the count under consideration is sufficient.